FILED

2012 JAN 30  AM 11: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
2  3500 West Olive Avenue
Suite 300
3  Burbank, California 91505
4  Telephone: (323) 744-1146
Facsimile: (888) 778-5695
5  Stephanie@thetatarlawfirm.com
6

7
*Attorney for Plaintiff Brandon Arens*
8

9            **UNITED STATES DISTRICT COURT**
10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12  **BRANDON ARENS**

13            **Plaintiff,**

Civil Action No. SACV12-156-AG (RNBx)

14

15            v.

**COMPLAINT FOR VIOLATIONS OF
FAIR CREDIT REPORTING ACT AND THE**
16  **EXPERIAN INFORMATION**        **FAIR DEBT COLLECTION PRACTICES**
17  **SOLUTIONS, INC.**             **ACT AND THE ROSENTHAL FAIR DEBT**
and                            **COLLECTION PRACTICES ACT**
18  **EQUIFAX INFORMATION**
19  **SERVICES LLC.**              **DEMAND FOR JURY TRIAL**
and
20  **TARGET CORPORATION**
21  **D/B/A TARGET NATIONAL**
**BANK**
22  and
23  **MIDLAND CREDIT**
**MANAGEMENT, INC.**
24

25            **Defendants.**

26

27

28

1

**PRELIMINARY STATEMENT**

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as *amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788 *et seq.*("RFDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff Brandon Arens is an adult individual who resides at 8155 Sun Tree Lane, Sacramento, CA.

5.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity and consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA.

6.      Defendant Equifax Information Services LLC. ("Equifax") is a business entity and consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 1550 Peachtree Street Northeast, Atlanta, GA.

7.      Defendant Target Corporation d/b/a Target National Bank ("Target") is a corporation which regularly engages in the business of collecting debts and reporting such debts to the credit bureaus in the Central District of California and which has a principal place of business located at 1000 Nicollet Mall, Minneapolis, MN.

COMPLAINT AND JURY DEMAND

8.     Defendant Midland Credit Services, Inc. ("Midland") is a corporation which regularly engages in the business of collecting debts and reporting such debts to the credit bureaus in the Central District of California and which has a principal place of business located at 4302 East Broadway Road, Phoenix, AZ. The principal purpose of Midland is the collection of debts due another using the mails and telephone, and Midland regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

9.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

10.     The inaccurate information includes, but is not limited to, a Midland account with an inaccurate payment history, and a Target account that is reporting with an unsatisfied balance, even though the account was satisfied in August of 2010.

11.     At all pertinent times hereto, Midland was hired to collect a debt originally owed First Bank of Delaware (the "debt").

12.     At all pertinent times hereto, Target was on its own behalf engaged in the act and practice of collecting from Plaintiff a consumer debt.

13.     The alleged debts at issue arose out of consumer credit transactions which were primarily for personal, family or household purposes.

14.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not accurately reflect the payment history and/or balance of those accounts.

15.     Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit

COMPLAINT AND JURY DEMAND

reports that they have disseminated to various persons and credit grantors, both known and unknown.

16.     Plaintiff has disputed the inaccurate information with Equifax and Experian by both oral and written communications to their representatives and by following Equifax and Experian's established procedures for disputing consumer credit information.

17.     Plaintiff has disputed the inaccurate information with Equifax and Experian from February 2010 through the present.

18.     Notwithstanding Plaintiff's efforts, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least February 2010 through the present.

19.     Despite Plaintiff's efforts Equifax and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

20.     Notwithstanding Plaintiff's disputes, Target and Midland have also failed to conduct timely and reasonable investigations of Plaintiff's above-referenced disputes after being contacted by the relevant credit reporting agencies concerning such disputes, have willfully continued to report such inaccurate

COMPLAINT AND JURY DEMAND

information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

21.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

22.     In or around August 2010, Plaintiff satisfied in full his account with Target.  In September 2010, Plaintiff received correspondence confirming that the account was "paid in full" and that Plaintiff had "no remaining obligation" for the account.

23.     Notwithstanding the above, beginning in June 2011 Target began reporting the satisfied account with an unsatisfied balance to the credit reporting agencies. Despite Plaintiff's repeated requests, Target refused to report the account as paid in full to the credit reporting agencies.

24.     Target acted in a false, deceptive, misleading and unfair manner when communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

25.     In or around October 2010 Midland mailed to Plaintiff's address correspondence indicating that Plaintiff had settled his account in full and had no further financial obligation to Midland for the account in question.

26.     Notwithstanding the above, beginning in May 2011 Midland began reporting the satisfied account as "120 days late" to the credit reporting agencies nearly a year after the account had been satisfied.

COMPLAINT AND JURY DEMAND

27.     Midland acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

28.     Midland acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

29.     Midland acted in a false, deceptive, misleading and unfair manner when communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

30.     Midland acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

31.     Midland knew or should have known that its actions violated the FDCPA and RFDCPA.   Additionally, Midland could have taken the steps necessary to bring its agent's actions within compliance of the statute, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

32.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

33.     As a result of the acts and/or omissions of Target and Midland, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, emotional and mental pain and anguish and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

34.     Defendants knew or should have known that their actions violated the FCRA, FDCPA and RFDCPA.   Additionally, Defendants could have taken the

COMPLAINT AND JURY DEMAND

steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

35.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein

36.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX AND EXPERIAN
## VIOLATIONS OF THE FCRA

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     At all times pertinent hereto, Equifax and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

39.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

COMPLAINT AND JURY DEMAND

42.     The conduct of Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax and Experian are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – TARGET AND MIDLAND
## VIOLATIONS OF THE FCRA

43.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.     At all times pertinent hereto Target and Midland were each a "person" as that term defined by 15 U.S.C. § 1681a(b).

45.     Target and Midland violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

46.     Target and Midland's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Target and Midland are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT III – MIDLAND
## VIOLATIONS OF THE FDCPA

47.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.     Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

COMPLAINT AND JURY DEMAND

49.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

50.     The above disputes by Plaintiff and the reporting of the inaccurate information to credit reporting agencies by Midland are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

51.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

52.     Midland violated the FDCPA.  Midland's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     The false representation of the amount, character or legal status of a debt;

(b)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(c)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

53.     Midland's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

54.     As a result of the above violations of the FDCPA, Midland is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

COMPLAINT AND JURY DEMAND

## COUNT IV – TARGET
## VIOLATIONS OF THE RFDCPA

55.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56.     Target is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) of the RFDCPA.

57.     Target is a "creditor" as defined by Cal. Civ. Code § 1788.2(i) of the RFDCPA.

58.     Plaintiff is a "debtor" and a "person" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

59.     The above referenced Target account is a "consumer debt" resulting from "consumer credit transactions" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

60.      The above referenced credit reports are "consumer credit reports" as defined by Cal. Civ. Code § 1788.2(j) as defined by the RFDCPA.

61.     Target violated Cal. Civ. Code § 1788.10(c) of the RFDCPA by communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

62.     Target's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

63.     As a result of the above violations of the RFDCPA, Target is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

COMPLAINT AND JURY DEMAND

# COUNT V – MIDLAND
## VIOLATIONS OF THE RFDCPA

64.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

65.     Midland is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) of the RFDCPA.

66.     Plaintiff is a "debtor" and a "person" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

67.     The above referenced Midland account is a "consumer debt" resulting from "consumer credit transactions" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

68.     The above referenced credit reports are "consumer credit reports" as defined by Cal. Civ. Code § 1788.2(j) as defined by the RFDCPA.

69.     Midland violated Cal. Civ. Code § 1788.17 of the RFDCPA by violating the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f.

70.     Midland violated Cal. Civ. Code § 1788.10(c) of the RFDCPA by communicating to the credit reporting agencies inaccurate information which it knows or has reason to believe will defame the Plaintiff.

71.     Midland's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

72.     As a result of the above violations of the RFDCPA, Midland are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

COMPLAINT AND JURY DEMAND

1

## JURY TRIAL DEMAND

2      73.    Plaintiff demands trial by jury on all issues so triable.

3

## PRAYER FOR RELIEF

4      **WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages

5  against the Defendants, based on the following requested relief:

6               (a)    Statutory damages;

7               (b)    Actual damages;

8               (c)    Punitive damages;

9               (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§

10  1681n, 1681o, 15 U.S.C. § 1692k, and Cal. Civ. Code 1788.30(c); and

11               (e)    Such other and further relief as may be necessary, just and

12  proper.

13

14                                 Respectfully Submitted by:
                                   THE TATAR LAW FIRM

15  Dated: January 27, 2012

16

17                                   Stephanie Tatar
                                   *Attorney for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV12- 156 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephanie R. Tatar, TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505   (323) 744-1146

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BRANDON ARENS | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC and TARGET CORPORATION D/B/A TARGET NATIONAL BANK and MIDLAND CREDIT MANAGEMENT,INC<br><br>DEFENDANT(S). | SACV12-156-AG (RNR)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Stephanie R. Tater_____, whose address is _Tatar Law Firm, APC, 3500 West Olive Avenue, Suite 300 Burbank, CA 91505_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JAN 30 2012

By:   MARILYN DAVIS
      Deputy Clerk

      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> BRANDON ARENS | **DEFENDANTS** <br> EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC and TARGET CORPORATION D/B/A TARGET NATIONAL BANK and MIDLAND CREDIT MANAGEMENT, INC |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Stephanie R. Tatar, TATAR LAW FIRM, APC <br> 3500 West Olive Avenue, Suite 300 <br> Burbank, CA 91505  (323) 744-1146 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No      ☑ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☑ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Act <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Info. Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise <br><br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Fed. Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury-Med Malpractice <br> ☐ 365 Personal Injury-Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br><br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus-Alien Detainee <br> ☐ 465 Other Immigration Actions | ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability <br><br> ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 445 American with Disabilities - Employment <br> ☐ 446 American with Disabilities - Other <br> ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus/Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br><br> ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety /Health <br> ☐ 690 Other | ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br><br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:** SACV12- 156

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sacramento |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Experian- Orange | Equifax- Georgia<br>Midland- Arizona<br>Target- Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | Georgia<br>Arizona<br>Minnesota |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 1/27/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |