UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-156 AG (RNBx) | | Date | May 7, 2012 |
|---|---|---|---|---|
| Title | BRANDON ARENS v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | | Not Present | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE**

Plaintiff Brandon Arens ("Plaintiff") sued Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), "Target Corporation D/B/A Target National Bank" ("TNB") and Midland Credit Management, Inc. ("Midland") (together, "Defendants") in January 2012 for violating the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  Before the Court is TNB's Motion to Dismiss ("Motion") for improper venue under Federal Rule of Procedure 12(b)(3).  After reviewing all arguments and papers submitted, the Court DENIES the Motion.

## BACKGROUND

Plaintiff alleges that TNB is "a furnisher of credit information that regularly provides personal and credit information to the credit reporting agenices about consumers." (Complaint ¶¶ 7, 44, 45.)  Plainiff further alleges that TNB provided inaccurate credit information to these agencies, including Defendants Equifax and Experian.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-156 AG (RNBx) | | Date | May 7, 2012 |
|----------|----------------------|--|------|-------------|
| Title | BRANDON ARENS v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | | |

According to Plaintiff, TNB continues to report an unpaid balance on his Target consumer credit card even though he fully paid the balance in August 2010.  (*Id.*)

## LEGAL STANDARD

Venue determinations are governed by 28 U.S.C. § 1391, which provides that

> a civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When determining residency for venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction . . . ."  28 U.S.C. § 1391(c)(2).

## ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-156 AG (RNBx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | BRANDON ARENS v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | |

Defendant requests that the Court dismiss Plaintiff's Complaint because venue in this District is improper.  Plaintiff argues that venue in the Central District is proper under § 1391(b)(1) and (2).  Because the Court finds that venue is proper under § 1391(b)(1), TNB's Motion is DENIED.

As noted, under § 1391(b)(1), "a civil action may be brought in . . . a judicial district in which any defendant *resides*, if *all* defendants are residents of the State in which the district is located."  (Emphasis added.)  For venue purposes, entities like Defendants are "deemed to reside . . . in any judicial district in which [they are] subject to the court's personal jurisdiction."  28 U.S.C. § 1391(c)(2).

TNB concedes that its fellow Defendants reside in this District, but argues that venue is nonetheless improper under § 1391(b)(1) because it is not a Central District resident.  *See* 28 U.S.C. § 1391(b)(1) ("a civil action may be brought in . . . a judicial district in which any defendant resides, if *all* defendants are residents of the State in which the district is located") (emphasis added).  Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), and 28 U.S.C. § 1348, TNB claims that it should not be deemed a resident of this District because it has no branch offices in the Central District, and *national banking associations* are only residents of districts where they have branch offices.  (Motion at 4:2-5:7.)

But as Plaintiff explains in its Opposition, *Wachovia* and § 1348 are inapplicable because they concern determinations of national bank *citizenship*, not residency.  Indeed, the first line of Justice Ginsberg's opinion in *Wachovia* states that "[t]his case concerns the *citizenship*, for purposes of federal court diversity jurisdiction of national banks . . . ."  *Wachovia*, 546 U.S. at 306 (emphasis added).  And § 1348 provides that, for jurisdictional purposes, "national banking associations shall . . . be deemed *citizens* of the States in which they are respectively located."  28 U.S.C. § 1348 (emphasis added).

Notably, TNB's Reply lacks any mention of *Wachovia* or § 1348.  Instead, the Reply focuses on an argument that received relatively little attention in TNB's Motion – namely that venue is improper because Plaintiff has confused TNB with its parent, Target

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-156 AG (RNBx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | BRANDON ARENS v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | |

Corporation.  (Motion at 3:22-26.)  TNB specifically argues that Target Corporation and TNB are "different legal person[s]" and that venue in the Central District of California is improper under § 1391(b)(1) because TNB does not reside here.  (Motion at 3:22-26; Wolfe Decl. ¶¶ 3, 5; Reply 2:7-3:11.)

To support this argument, TNB offers a single, six-paragraph declaration from one of its "project manager[s]." (*See* Decarlation of Susan Wolf Supporting TNB's Motion ("Wolf Decl.").)  That declaration states that although "Target National Bank is a wholly owned subsidiary of Target Corporation," it is not subject to personal jurisdiction in this District because its "articles of association designate its main office in Sioux Falls, South Dakota," and it "does not maintain any branch or other office in California."  (Wolf Decl. ¶ 4.)

These facts are insufficient to trump Plaintiff's allegations and evidence that TNB's contacts with this District are sufficient to subject it to personal jurisdiction here.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011) ("For a court to exercise personal jurisdiction over a nonresident defendent consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'") (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiff alleges, for example, that TNB "regularly engages in the business of collecting debts and reporting such debts to the credit bureaus in the Central District of California." Plaintiff also presents evidence that "Target operates at least 19 Target retail stores within 30 miles of the Courthouse" where TNB credit cards are issued.  (Novak Decl. Ex. 1.) The mere fact that TNB is based in South Dakota and operates no branch offices in the Central District does not mean that it is not subject to personal jurisdiction here.

TNB and its fellow Defendants reside in this District because they are all subject to personal jurisdiction here.  *See* 28 U.S.C. § 1391(c)(2) (defendants are "deemed to reside

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-156 AG (RNBx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | BRANDON ARENS v. EXPERIAN INFORMATION SOLUTIONS, INC., et al. | | |

. . . in any judicial district in which such defendant is subject to the court's personal jurisdiction.")  Thus, venue in this district is proper under § 1391(b)(1).  *See* 28 U.S.C. § 1391(b)(1) ("a civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.")

Because venue is proper under § 1391(b)(1) the Court need not address the parties' arguments concerning § 1391(b)(2).

**DISPOSITION**

TNB's Motion is DENIED.

|  | : | 0 |
|---|---|---|

Initials of
Preparer          lmb